IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal No. **3:23-cr-00134-L** |
| | § | |
| **JOSHUA CALEB JOHNSON** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Joshua Caleb Johnson's ("Defendant" or "Mr. Johnson") Motion to Dismiss Count Two of the Indictment (Doc. 22) ("Motion"), filed on August 4, 2023. After a careful review of the Motion, the Government's response, the record, and applicable law, the court **denies** Defendant's Motion.

**I.    Background**

On December 9, 2022, the Government filed a Criminal Complaint (Doc. 1) accusing Mr. Johnson of violating only 18 U.S.C. §§ 922(g)(1) and 924(a)(8). On March 29, 2023, the Government filed a two-count Indictment (Doc. 14). Count One charges Mr. Johnson with violating 18 U.S.C. § 2119(1), attempted carjacking with intent to cause death and serious bodily harm. Indictment 1. Count Two charges him with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8), Possession of a Firearm by a Convicted Felon. Section 922(g)(1) provides:

> It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year [] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). On August 4, 2023, Mr. Johnson filed his Motion stating:

that the indictment alleges conduct that is beyond the power of the federal government to prosecute under the commerce clause. However, Mr. Johnson concedes that this issue is foreclosed by circuit precedent but advances the claim to preserve further review.

Def.'s Mot. 1 (citation omitted). He argues that "although the Fifth Circuit held that § 922(g) does not exceed Congress's power to regulate interstate commerce," *see United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989), the Defendant asserts that "the opinion of five Justices in [*National Federation of Independent Business*] *v. Sebelius* casts serious doubt on that conclusion," *see* 567 U.S. 519 (Roberts, C.J.) (plurality op.). Def.'s Mot. 2. On August 8, 2023, the Government filed its Response (Doc. 23) indicating that "[b]ecause Johnson's argument is foreclosed, the motion to dismiss Count Two should be denied." Gov.'s Resp. 2. The time has passed for Mr. Johnson to file a Reply, so the motion is ripe for determination.

## II.     Analysis

Defendant's Motion is apparently made pursuant to Federal Rule of Procedure 12(b)(3)(B)(v).* A court may grant a motion to dismiss an indictment if the defect is one essentially a question of law. *United States v. Flores*, 404 F.3d 32, 324 (5th Cir. 2005). Motions to dismiss that question the constitutionality of a statute are such questions of law that are proper for the court to review. *Id*.; *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) ("The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper.") (citation omitted).

Applying this standard, the court agrees with both Defendant and the Government, and concludes that 18 U.S.C. § 922(g) as charged against Defendant in the Indictment is

---

* Defendant fails to state the authority upon which his Motion to Dismiss is based. Accordingly, the court reasonably infers that his Motion to Dismiss is made pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

**Memorandum Opinion and Order – Page 2**

constitutional under existing Supreme Court and Fifth Circuit precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir. 1999). As this court is bound by this precedent, as Defendant agrees, the court will not overturn the statute by granting Defendant the relief he seeks in the Motion to Dismiss. Accordingly, the court **denies** the Motion to Dismiss.

### III.  Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Dismiss Count Two of the Indictment (Doc. 22).

**It is so ordered** this 18th day of October, 2023.

Sam A. Lindsay
United States District Judge